Steven T. Holmes
State Bar No. 00794918
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7305
Fax: (214) 573-7399
Email: sholmes@chfirm.com

Attorneys for Louisiana National Bank

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In Re:<br><br>BHAVI HOSPITALITY LLC,<br><br>Debtor. | Case No.: 25-33329-SGJ<br>(Involuntary Petition) |

## MOTION TO DISMISS INVOLUNTARY PETITION AND REQUEST FOR EXPEDITED HEARING

Louisiana National Bank ("*LNB*"), a secured creditor and party-in-interest in this involuntary case, files this Motion *to Dismiss Involuntary Petition and Request for Expedited Hearing*.[1] In support of this request, LNB would respectfully show this Court as follows:

1. The involuntary petition filed on September 28, 2025 (the "*Involuntary Petition*") by petitioning creditors Atmiya Holdings, LLC, Ghanshyam Chodvadiya, and Mackey Industries, Inc. (the "*Petitioning Creditors*") is subject to immediate dismissal because Bhavi Hospitality, LLC ("*Bhavi*") is ineligible to be a debtor under 11 U.S.C. §§ 303(a) and 109(g). Bhavi's prior Chapter 11 case was dismissed with prejudice for 180 days by order of this Court dated May 29, 2025 for failure to comply with prior orders of the Court.

---

[1] A separate Motion for Expedited Hearing is being filed contemporaneously with this motion.

2. LNB is a senior secured creditor of Bhavi, by virtue of a Deed of Trust, Promissory Note and related loan documents originally executed on or about February 3, 2017 (the "**Loan**").[2] LNB's Loan is fully secured by a first priority lien on Bhavi's hotel property located at secured by the property located at 110 East US Hwy 80, Forney, TX 75126 (the "**Property**").

3. Based upon Bhavi's prior and continuing defaults, LNB has accelerated the full indebtedness owed under the Loan Documents. As of today's date, Bhavi is indebted to LNB for at least $6,644,474.61. On August 6, 2025, LNB properly posted and noticed the Property for a non-judicial foreclosure sale, which sale is scheduled to be conducted on September 2, 2025 between the hours of 12:00 p.m. and 3:00 p.m. in Collin County, Texas (the "**Foreclosure Sale**").

4. Petitioning Creditors filed the Involuntary Petition on the afternoon of the last business day before the scheduled Foreclosure Sale.

5. In its prior Chapter 11 proceeding before this Court,[3] Bhavi obtained a confirmed Subchapter V plan, but failed to make the post-confirmation payments required by the Plan. Following notices of default filed by multiple parties, including LNB, the Office of the United States Trustee filed its *Motion to Dismiss Under 11 U.S.C. § 1112(b)* [Docket No. 161] in the prior case (the "**UST Motion to Dismiss**") based upon the Debtor's failure to cure the notices of default and make required plan payments. In reliance upon sworn testimony from Bhavi's principal that the required payments would be completed on or before May 28, 2025, Judge Everett denied the

---

[2] The relevant Loan Documents include, but are not limited to a Commercial Construction Deed of Trust and Security Agreement dated on or about February 3, 2017 between Bhavi Hospitality, LLC, as Mortgagor, and First National Bank, Arcadia, Louisiana as Beneficiary ("Lender" or "Beneficiary"), as recorded on February 8, 2017 as Document No. 2017-0002886 in the real property records of Kaufmann County, Texas, and secured by the Property located at 110 East US Hwy 80, Forney, TX 75126; Promissory Note dated October 23, 2019 in the original principal amount of $6,876,023.17, executed by Bhavi Hospitality, LLC, as Borrower and payable to First National Bank as Lender; and Assignment of Rents, dated April 11, 2022 between Bhavi Hospitality, LLC, as Grantor, and Louisiana National Bank, as Lender, as recorded on May 2, 2022 as Instrument No. 2022-0017061 in the real property records of Kaufmann County, Texas.
[3] Case No. 24-30972-swe-11.

UST's Motion to Dismiss, expressly conditioned upon Bhavi's timely payment of all past-due plan obligations.[4]  When Bhavi failed to make the required payments, Judge Everett entered the an Order Dismissing Case with Prejudice, which expressly states that the case was dismissed with prejudice to refiling for 180 days:

> ### Order Dismissing Case with Prejudice
>
> On May 29, 2025, the Court held a status conference on its *Order Conditionally Denying Motion to Dismiss* [Docket No. 180] (the "**Order Conditionally Denying Dismissal**"). That order conditionally denied the *United States Trustee's Motion to Dismiss Under 11 U.S.C. § 1112(b)* [Docket No. 161] but provided that if the Debtor failed to remit certain amounts to various creditors, as set out in that order, by May 28, 2025, the Court shall dismiss this case with prejudice to refiling for 180 days. The Debtor did not make those payments.
>
> Because the Debtor failed to remit the payments as set out in the Order Conditionally Denying Dismissal, it is therefore **ORDERED** that this case is **DISMISSED** with prejudice to refiling for 180 days.

May 29, 2025 Order Dismissing Case with Prejudice [Docket No. 181] (the "*Dismissal Order*").

6. Section 303(a) of the Bankruptcy Code provides that "an involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person [. . .] that may be a debtor under the chapter under which the case is commenced." 11 U.S.C. § 303(a).  Although the Dismissal Order does not cite Section 109(g), the language of that Bankruptcy Code section mirrors the language of the Dismissal Order and provides an independent basis for Bhavi's ineligibility because Bhavi was a Chapter 11 debtor within the past 180 days and because Bhavi's

---

[4] Order Conditionally Denying Motion to Dismiss [Docket No. 180].

prior case was dismissed "by the court for willful failure of the debtor to abide by orders of the court." 11 U.S.C. § 109(g)(1).

7. Accordingly, as of today's date, Bhavi remains statutorily ineligible to be a debtor before this Court, and LNB respectfully requests that this Court enter an order immediately dismissing the involuntary petition under the authority provided by 11 U.S.C. §§ 105(a) and 109(g).

8. Alternatively, the Involuntary Petition is subject to immediate dismissal because, on information and belief, Bhavi orchestrated the involuntary filing with the Petitioning Creditors in a bad faith effort to interfere with LNB's scheduled Foreclosure Sale; and potentially, in an effort to renegotiate its previously-defaulted Chapter 11 plan.[5]  Bhavi lacks any equity in the Property, and creditors will not be adversely affected if this involuntary case is dismissed. Accordingly, cause exists to dismiss this case under either or both 11 U.S.C. §§ 305(a)(1) or 1112(b)(1).

WHEREFORE PREMISES CONSIDERED, Louisiana National Bank respectfully requests that the Court dismiss the involuntary petition and grant such other relief as is just, reserving jurisdiction to award relief under 11 U.S.C. § 303(i).

Dated:  September 1, 2025.

---

[5] *See In re Global Ship Sys.,* LLC, 391 B.R. 193, 203 (Bankr. S.D. Ga. 2007)(dismissing involuntary petition upon request of lender based upon finding that the "involuntary case [was] a pure subterfuge for a voluntary petition" indented to frustrate foreclosure); *In re Delray Assocs. Ltd. Pshp.*, 212 B.R. 511 (Bankr. D. Md. 1997)(dismissal appropriate where the debtor orchestrated the involuntary filing to renegotiate a defaulted plan previously confirmed during a voluntary chapter 11 case, the second case being tantamount to a serial chapter 11 case); *In re Kingston Square Assocs.*, 214 B.R. 713 (Bankr. S.D.N.Y. 1997)(dismissal is warranted if debtor instigated the filing to circumvent a court-ordered bar or a statutory bar (such as applicability of section 109(g)); *In re Winn*, 49 B.R. 237 (Bankr. M.D. Fla. 1985)(dismissal permissible where debtor instigates the filing of an involuntary petition).

Respectfully submitted,

*/s/ Steven T. Holmes*
Steven T. Holmes
State Bar No. 00794918
CAVAZOS, HENDRICKS, POIROT, P.C.
900 Jackson Street
570 Founders Square
Dallas, Texas 75202
Telephone: (214) 573-7300
Email: sholmes@chfirm.com

ATTORNEYS FOR LOUISIANA NATIONAL BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on September 1, 2025 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means and via electronic mail on the following known parties-in-interest:

Asher Bublick, on behalf of United States Trustee: asher.bublick@usdoj.gov

Elizabeth Banda Calvo on behalf of Forney ISD: ebcalvo@pbfcm.com

Mehul Gajera, Manager of Bhavi Hospitality LLC: mgajera@yahoo.com

John Ivey, Counsel for the Petitioning Creditors: john@colvenandtran.com

Sherryl Knighton, counsel for the City of Forney: Sherrel.Knighton@lgbs.com

Jared M. Slade on behalf of Holiday Hospitality Franchising, LLC: jared.slade@alston.com

Dawn Theiss on behalf of the Small Business Administration: dawn.theiss@usdoj.gov

*/s/ Steven T. Holmes*
Steven T. Holmes